976 So.2d 162 (2008)
In re Judge Allen A. KRAKE.
No. 2006-O-1658.
Supreme Court of Louisiana.
February 26, 2008.

JUDICIAL DISCIPLINE PROCEEDINGS
PER CURIAM.
In 2006, Judge Allen A. Krake of the 35th Judicial District Court, Parish of Grant, State of Louisiana, was the subject of a judicial discipline matter involving his public and persistent abuse of alcohol. On October 27, 2006, we suspended Judge Krake from judicial office for the remainder of his term, which expires on December *163 31, 2008, with all but six months of that suspension deferred. We also placed Judge Krake on probation for the remainder of his term of office with specified conditions to which he and the Special Counsel had stipulated, including the requirement that he contract with, and be monitored and supervised by, the Lawyers Assistance Program ("LAP"). Our opinion instructed that if Judge Krake failed to comply with the terms and conditions of his LAP contract, "including, but not limited to, any positive urine alcohol and drug screens and his failure to attend the required number of AA or Lawyer meetings," LAP shall immediately report such failure to the Judiciary Commission of Louisiana ("Commission") and the Special Counsel. Our opinion concluded:
If [LAP] submits a report to the Judiciary Commission and its Office of Special Counsel that Judge Krake has failed to comply with the terms and conditions of [LAP] including, but not limited to, any positive urine alcohol and drug screens, or his failure to attend the required number of AA or Lawyer meetings, the Judiciary Commission shall, without further notice or further hearings, immediately notify the Louisiana Supreme Court that Judge Krake has breached the terms and conditions of his probation. If the Judiciary Commission notifies the Louisiana Supreme Court that Judge Krake has breached the terms and conditions of his probation, the Louisiana Supreme Court shall order that the remaining period of his deferred suspension shall be made executory.
In re: Krake, 06-1658 (La.10/27/06), 942 So.2d 18 ("Krake I").
On January 31, 2007, the Commission filed a pleading notifying the court of Judge Krake's failure to comply with the requirements of his LAP contract. In particular, at that time Judge Krake had failed to submit his sobriety report for the month of December 2006; failed to provide documentation of his attendance at Alcoholics Anonymous meetings during December 2006; and failed to pay his $50 monthly monitoring fee. After considering this information, as well as Judge Krake's response thereto,[1] we chose to take no action at that time with regard to Judge Krake's probation.
On January 7, 2008, the Commission filed a pleading notifying the court that Judge Krake had once again failed to comply with his LAP contract. Specifically, Judge Krake failed to submit his attendance sheets and letter of recovery for the month of December 2007; missed an appointment for drug screening; and failed to meet with his LAP monitor. In response, Judge Krake asserted that he was not in compliance with his LAP contract because he was "extremely ill" during the last two weeks of December 2007. This court in turn requested and received records from Judge Krake documenting his medical treatment in January 2008 for an abdominal condition.

DISCUSSION
In Krake I, we found that public confidence in the integrity of the judiciary was compromised by Judge Krake's persistent and public abuse of alcohol, especially his being severely hung over or appearing to be hung over while on the bench or in chambers. Nevertheless, we accepted the *164 stipulated conditions of probation because we believed those stringent conditions would adequately protect the public and preserve its respect for the judiciary.
A key component of Judge Krake's probation was the requirement that he comply with his LAP contract. However, he has failed to do so on two occasions during his probationary period. Most recently, Judge Krake has asked us to excuse his failure in this regard because he was ill. However, considering the medical records submitted by Judge Krake, we find that his medical condition did not prevent him from complying with the requirements of his LAP contract.
In summary, based on the undisputed facts of this matter, we must conclude that Judge Krake is not in compliance with the conditions of his probation. Accordingly, ex proprio motu, we will revoke Judge Krake's probation and make the remaining period of his deferred suspension executory.

DECREE
For the reasons assigned, Judge Krake's probation is revoked, and the suspension imposed in In re: Krake, 06-1658 (La.10/27/06), 942 So.2d 18, is hereby made executory. Judge Krake shall be suspended from judicial office without salary through the remainder of his term, which expires on December 31, 2008. Any application for rehearing in this matter shall be filed in this court no later than 4:00 p.m. on Monday, March 3, 2008.
WEIMER, J., would order a hearing before considering making the suspension executory.
NOTES
[1] Judge Krake argued that his noncompliance with his LAP contract was not the result of his use of alcohol but rather existed because he was "impoverished." In particular, Judge Krake contended he did not file his sobriety report in December 2006 because he could not afford to pay the $50 monitoring fee. Judge Krake subsequently made arrangements to receive a waiver of the fee.